JUSTICE BAKER,
concurring.
¶14 In light of the statutory standards for amendment of a parenting plan and our case law, the circumstances of this case—particularly the recent litigation over the parenting plan—did not mandate a hearing as a matter of law on Chellie’s petition, and I agree with the Court’s disposition of her appeal. But today’s decision should not be read to minimize the expressed wishes of teenaged children who are coping with their separated families.
¶15 I agree with most of what Justice McKinnon expresses in her Dissent. The problem is that § 40-4-219, MCA, requires a showing of changed circumstances “and that the amendment is necessary to serve the best interest of the child.” (Emphasis added.) The statute provides that a teenage child’s wishes are to be considered “[i]n determining the child’s best interest,” not in determining whether there has been a change in circumstances. Section 40-4-219(1), MCA. We thus have held that age alone does not automatically qualify as a “changed circumstance” sufficient to justify a parenting plan amendment. See D Alton, ¶ 11 (concluding that children’s “changed circumstances” of being six years older than at time of parenting plan did not “satisfy the initial threshold criteria for this Court to order a show cause hearing to amend the parenting plan”); Whyte, ¶ 24 (holding that change in child’s age did not constitute a “changed circumstance” sufficient to justify district court’s amendment of the parties’ parenting plan). But as a child grows up, that child’s circumstances may change in myriad ways that no one thought about when the parenting plan was adopted. *73 Developments in a child’s life, seemingly routine from a court’s perspective, may have significant consequences to an adolescent at a vulnerable time in life. The child’s wishes are entitled to serious consideration in order to protect the best interest of the child, even if it means dragging the court back into the family’s affairs.
¶16 In light of the language and interpretation of the statute, parents who want to maintain control over the governance of their own family may be able to prevent ongoing court involvement by negotiating parenting plans in the first place that acknowledge the importance of their children’s changing needs and desires as the children grow up. For example, parents could agree to an opportunity for review of the plan and of the child’s best interest if the child expresses a desire to change the plan after turning fourteen. This assumes, of course, that the parents start with the child’s best interest truly at heart and maintain that focus on putting the child’s interest first. That is key to the success of any parenting plan. To guard against manipulation, the parenting plan could include a requirement that the moving party pay the other parent’s attorney fees if the court determines that a modification request is not pursued in good faith based on the child’s best interest.
¶17 It is important that parties have effective and equal access to the courts to resolve contentious parenting disputes, or in cases where collaborative solutions are not appropriate given the family’s dynamics. But court processes can be inadequate means to handle “the custody and placement of innocent children.” In re Brockington, 2017 MT 92, ¶ 37, 387 Mont. 260, 400 P.3d 205 (McGrath, C.J., dissenting); see also Whyte, ¶ 45 (Baker, J., dissenting). Participants in our justice system must continue to find ways to help families recognize the best interest of their children and meet the needs of all family members without court intervention. If court intervention is needed, the district court is in the best position to determine the weight to be given a child’s expressed desires. See In re Marriage of Graham, 2008 MT 435, ¶ 8, 347 Mont. 483, 199 P.3d 211; In re Marriage of Burk, 2002 MT 173, ¶¶ 20-24, 310 Mont. 498, 51 P.3d 1149. In most cases the court at least should consider those desires before summarily denying a motion to amend. Here, however, Chellie’s petition fell short of what we have required to compel a hearing.